**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**




ATTORNEY FOR APPELLANT:

**JAMES E. STOLTZ**
Stoltz Law Office
Evansville, Indiana

ATTORNEY FOR APPELLEE:

**MARK K. PHILLIPS**
Boonville, Indiana

# IN THE COURT OF APPEALS OF INDIANA

PAULA RORER (HUBBARD),

Appellant-Petitioner,

vs.

WILLIAM SHANE RORER,

Appellee-Respondent.

No. 87A04-1310-DR-494

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87D01-1012-DR-644

**April 14, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Paula Hubbard ("Mother") appeals the trial court's finding of indirect contempt in post-dissolution proceedings with William Rorer ("Father"). We affirm.

## Issues

Mother raises four issues, which we consolidate and restate as:

I. whether the trial court properly admitted police reports and evidence of incidents that occurred after the petition to show cause was filed;

II. whether the trial court properly found Mother in indirect contempt; and

III. whether the trial court properly ordered a suspended jail sentence.

## Facts

Mother and Father had one daughter, P.R., and their marriage was dissolved in April 2003. After years of disputes between Mother and Father regarding custody and parenting time, the trial court suspended parenting time between Father and P.R. in September 2010. However, on August 1, 2013, the trial court ordered that Father was entitled to parenting time with then fourteen-year-old P.R. The trial court found:

> [T]he basic dilemma of [P.R.] not wanting to visit with her father is a direct result of the parents' inability and refusal to co-parent effectively.
>
> The anger they share for each other and the desire to "get the best of the other" is much more important to each parent than meeting their responsibility to rear a child together in a responsible manner. There is plenty of blame to go around for each parent and a recitation of the offenses of each parent would serve no good purpose. Collectively, however, it is clear to the Court that the child and her overall

> welfare are secondary to the parents' "personal war." Given the number of years it has gone on one would think the parents would grow weary of combat but it appears to have worsened rather than improving.
>
> [P.R.] has recognized this conflict and seized the opportunity to "drive the bus." What teenager would pass on the opportunity to be in complete control of her life? It is clear to the Court that her rejection of her father is pleasing to her mother and continued rejection will guarantee a continued flow of favorable treatment from the mother.
>
> Numerous mental health professionals have not been able to address the parents' issues and the Court has absolutely no expectation that it can make things work smoothly. The Court has considered drafting specific measures that would direct each parent how to be an effective parent but the Court doubts that either party would follow those directives and also it is not [the] Court's responsibility to rear the child.
>
> In summary, the Court cannot find a legitimate legal reason why the father should not have parenting time.
>
> It is therefore ordered that the father shall have parenting time pursuant to the current Indiana Parenting Time Guidelines in all respects and the parties shall not renegotiate terms of those guidelines in any respect and any agreements the parties may have previously made are voided. The only exception the Court is ordering is the extended summer visitation for 2013. Given the timing of this order with the start of school, extended visitation will not be possible. The father's first weekend shall commence August 9, 2013 and his weeknight shall be on Wednesday.

App. pp. 44-45.

On August 7, 2013, P.R. initially refused to participate in parenting time with Father. Ultimately, however, P.R. cooperated after the police arrived. On August 9, 2013, P.R. refused to participate in parenting time. On August 12, 2013, Father filed a

petition for contempt against Mother. Father alleged that Mother "has done everything in her power to attempt to discourage [P.R.] from seeing" Father. Id. at 46. The trial court set the matter for hearing on September 3, 2013.

At the hearing, Father called Officer Jack Donahoo, who was dispatched to deal with problems during an attempted parenting time exchange on August 14th, to testify. During Officer Donahoo's testimony, Father offered Exhibit A into evidence. Exhibit A included Officer Donahoo's investigation report regarding the August 14th incident and dispatch reports from the August 7th and August 9th incidents. Mother objected based on relevancy because the records contained evidence concerning the August 14th incident and the contempt petition concerned only the August 7th and 9th incidents. Mother also argued that the documents were hearsay and did not fall under the business records exception. The trial court admitted Exhibit A over Mother's objection. Mother also objected to Officer Donahoo's testimony regarding the August 14th incident, and the trial court overruled the objection.

After the hearing, the trial court issued an order finding Mother in contempt. The trial court found:

> The evidence was uncontroverted that since the Court's Order of August 1, 2013, the child has visited only on August 7, 2013 and at no other time despite the Court's Order for Guideline visitation which would mean every other weekend and one evening a week which apparently is Wednesday.
>
> The evidence was also uncontroverted that after the visit of August 7, 2013, the child has simply refused to get out of the car at the exchange point.

> The Court also finds from the evidence that the Mother has failed to take a positive or active role in encouraging the child to engage in visitation and is allowing the child to decide if she wants to visit. The Court finds that the Mother is in contempt of the Court's August 1, 2013 Order.
>
> The Court orders the Mother to serve seven (7) days in the Warrick County Security Center. The Court will stay the execution of the sentence on the condition that the child visits with the Father as ordered in the Court's Order of August 1, 2013 and the further condition that the Mother pay $300.00 for the Father's attorney fees within 30 days of this Order.

App. p. 43. Mother now appeals.

## Analysis

### *I. Admission of Evidence*

Mother argues that the trial court erred by admitting Officer Donahoo's testimony concerning the August 14th incident and Exhibit A, which included Officer Donahoo's investigation report regarding the August 14th incident and dispatch reports from the August 7th and August 9th incidents. According to Mother, Officer Donahoo's testimony regarding the August 14th incident should not have been admitted because the contempt petition concerned only the August 7th and 9th incidents. As for Exhibit A, Mother argues that the police reports were hearsay.

We disregard errors in the admission of evidence as harmless error unless they affect the substantial rights of a party. Sibbing v. Cave, 922 N.E.2d 594, 598 (Ind. 2010); Ind. Trial Rule 61. "Likewise, reversible error cannot be predicated upon the erroneous admission of evidence that is merely cumulative of other evidence that has already been properly admitted." Id.

Although Mother objected to the evidence concerning the August 14th incident during Officer Donahoo's testimony and when Exhibit A was admitted, additional evidence of the August 14th incident and later attempted parenting times was admitted during Father's testimony and a family friend's testimony. Mother did not object to that additional evidence. The failure to object at trial waives any claim of error and allows otherwise inadmissible hearsay evidence to be considered for substantive purposes. Johnson v. State, 734 N.E.2d 530, 532 (Ind. 2000). Officer Donahoo's testimony and Exhibit A were merely cumulative of the other evidence, and any error in the admission of the testimony and Exhibit A was harmless.

***II. Contempt***

Next, Mother argues that the trial court erred by finding her in contempt. "'Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt.'" Bessolo v. Rosario, 966 N.E.2d 725, 730 (Ind. Ct. App. 2012) (quoting Evans v. Evans, 766 N.E.2d 1240, 1243 (Ind. Ct. App. 2002)), trans. denied. A determination of whether a party is in contempt is a matter within the trial court's sound discretion, and we reverse only where there has been an abuse of that discretion. Id. An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before the court. Id.

The willful disobedience of any lawfully entered court order of which the offender had notice is indirect contempt. Henderson v. Henderson, 919 N.E.2d 1207, 1210 (Ind. Ct. App. 2010); see also Ind. Code § 34-37-3-1. The trial court here ordered "that the father shall have parenting time pursuant to the current Indiana Parenting Time

Guidelines in all respects and the parties shall not renegotiate terms of those guidelines in any respect and any agreements the parties may have previously made are voided." App. p. 45. The Indiana Parenting Time Guidelines provide:

> If a child is reluctant to participate in parenting time, each parent shall be responsible to ensure the child complies with the scheduled parenting time. In no event shall a child be allowed to make the decision on whether scheduled parenting time takes place.
>
> **Commentary:**
>
> In most cases, when a child hesitates to spend time with a parent, it is the result of naturally occurring changes in the life of a child. The child can be helped to overcome hesitation if the parents listen to the child, speak to each other and practically address the child's needs.
>
> Parents should inquire why a child is reluctant to spend time with a parent. If a parent believes that a child's safety is compromised in the care of the other parent, that parent should take steps to protect the child, but must recognize the rights of the other parent. This situation must be promptly resolved by both parents. Family counseling may be appropriate. If the parents cannot resolve the situation, either parent may seek the assistance of the court.

Ind. Parenting Time Guideline § I(E)(3) (emphasis added).

According to Mother, she did not violate the Indiana Parenting Time Guidelines, and she encouraged P.R. to participate in parenting time with Father. Mother recorded the parenting time exchange on August 7th, and the trial court listened to the recording. Father presented evidence that, at the August 7th parenting time exchange, Mother started crying and hugging P.R. when P.R. was ready to leave with Father. At the August 9th parenting time exchange, Mother would not get out of the vehicle and only cracked her

window to talk to Father. The family friend testified that she never heard Mother say anything that encouraged P.R. to participate in the parenting time. Father presented evidence that Mother failed to ensure that P.R. complied with the scheduled parenting time in violation of Parenting Time Guideline I(E)(3). Mother's argument is merely a request that we reweigh the evidence.

### *III. Sanctions for Contempt*

Mother also argues that the sanction imposed by the trial court was improper. The primary objective of a civil contempt proceeding is not to punish the contemnor but to coerce action for the benefit of the aggrieved party. In re Paternity of M.F., 956 N.E.2d 1157, 1163 (Ind. Ct. App. 2011). A contempt order that neither coerces compliance with a court order nor compensates the aggrieved party for loss and does not offer an opportunity for the recalcitrant party to purge himself may not be imposed in a civil contempt proceeding. Id.

The trial court here ordered Mother to serve seven days in jail but stayed the execution of the sentence if P.R. visited with Father pursuant to the August 1st order.[1] Mother argues that the order does not give her an opportunity to purge herself of the contempt, that the order encourages Father to disrupt the parenting time, and that it places all of the burden on Mother. "While any imprisonment, of course, has punitive and deterrent effects, such imprisonment shall be viewed as remedial rather than punitive if the court conditions the contemnor's release upon the contemnor's willingness to comply

[1] The trial court also ordered Mother to pay $300.00 for Father's attorney fees within 30 days of the order. However, Mother makes no argument concerning this provision.

with the order from which the contempt finding was based upon." Thompson v. Thompson, 811 N.E.2d 888, 906 (Ind. Ct. App. 2004). The trial court's order allows Mother to avoid the jail sentence by ensuring that P.R. participates in parenting time with Father. Consequently, Mother was given the opportunity to purge herself. As for Mother's assertion that the order encourages Father to disrupt parenting time and places all of the burden on Mother, Father is still required to follow the trial court's August 1st order and the Parenting Time Guidelines and could be subject to contempt for failing to do so.

## Conclusion

Any error in the admission of Officer Donahoo's testimony and Exhibit A was harmless. The trial court did not abuse its discretion by finding Mother in contempt, and the sanction imposed was proper. We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.